IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**HENDERSON LEWIS HINTON,**

    Petitioner,

v.                                        Civil Action No. 1:13cv170
                                                (Judge Keeley)

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On July 17, 2013, Henderson Lewis Hinton ("Hinton"), the *pro se* petitioner, initiated this case by filing a petition pursuant to 28 U.S.C. §2241, along with a motion to proceed *in forma pauperis* ("IFP") and supporting documents. On July 22, 2013, petitioner was granted IFP status but directed to pay the $5.00 filing fee. On August 26, 2013, petitioner paid the required filing fee.

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915 and LR PL 2, is ripe for review.

### I. Factual and Procedural History

On October 16, 2006, a person armed with a revolver entered the Nationwide Insurance Agency in Ahoskie, North Carolina. With his face covered with a mask, the robber cocked the revolver in employee Marian Alston's face and whispered, "give me all your money." Alston complied, handing over approximately $3,000. The robber then fled. According to Alston, the robber wore white tennis shoes, jeans, and a blue shirt with a white stripe with the word "Nautica" across the chest. A few days later, she identified Hinton from a police photo array as the man who robbed her.

Three days after the Nationwide Insurance robbery, an individual wearing a fishing hat and a blue and white striped shirt entered the offices of Bennett Insurance Services in Rocky Mount, North Carolina and approached employee Donna Kermon. The person pulled a mask over his face,

brandished a revolver at Kermon, and demanded money. Observing the robbery in progress, Richard Bennett, the owner of Bennett Insurance Services, emerged from his office and confronted the robber. The perpetrator then directed the revolver at Bennett and demanded money. Bennett handed over a ten-dollar bill. After briefly struggling over the gun with Bennett, the perpetrator fled. Bennett pursued the robber and observed him in the passenger seat of an older model dark-colored Acura, memorized part of the license plate number and later provided it to the police. Several days after the robbery, as well as at trial, Kermon identified Hinton as the robber. At the time of the robbery, Bennett Insurance Services was regularly engaged in interstate commerce.

Several hours after the Bennett Insurance robbery, a man entered the Southern Bank branch in Scotland Neck, North Carolina, approached bank teller Marshell Roberson, produced a gun and demanded money. Roberson handed over approximately $1,000. After stuffing the currency in his pants pocket, the robber fled. Roberson described the perpetrator as wearing a tan fisherman's hat, a blue and white striped shirt, with a black piece of cloth over his face. No bank employee specifically identified Hinton as the perpetrator.

A short time later, law enforcement officers responding to the Southern Bank robbery observed a black Acura traveling away from Scotland Neck. Mindful that a similar car had been involved in a robbery earlier that day, the officers attempted to stop the Acura. After a six mile high-speed pursuit, the Acura eventually crashed into a ditch; Hinton was observed fleeing from the passenger side. After a brief foot chase, during which Hinton discarded a revolver, he was apprehended after being shot by a pursuing officer. A search of the Acura revealed a white and blue striped shirt, a fisherman's cap, and a black nylon cap.[1]

---

[1] In his testimony, FBI Agent Michael Sutton identified one of the items recovered from the Acura as a black nylon cap. Despite the similar description, it is unclear whether this item was the black piece of cloth covering the Southern Bank robber's face, described by witness Marshell Roberson.

Bennett was able to identify the Acura from which the defendant fled, the clothing found inside the vehicle, and the revolver recovered along Hinton's flight path, as those involved in the Bennett Insurance robbery. A large amount of U.S. currency was also discovered in Hinton's pants pocket.[2]

The Federal Grand Jury issued an indictment charging petitioner with two counts of interfering with commerce by robbery, 18 U.S.C. § 1951; one count of armed bank robbery, 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2; and three counts of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). On August 7, 2007, petitioner was arraigned and pled not guilty to all counts. On December 12, 2007, after a 3-day jury trial, petitioner was found guilty verdicts on all counts. On May 9, 2008, he was sentenced to 188 months' imprisonment on Counts One, Three, and Five; 84 months' imprisonment on Count Two (to be served consecutively); 300 months' imprisonment on Count Four (to be served consecutively); and 300 months' imprisonment on Count Six (to be served consecutively).

Petitioner timely appealed, raising three issues: (l) whether the identification evidence was sufficient to convict him on all counts, (2) whether there was a fatal variance between property described in Count Three of the indictment and the evidence presented at trial, and (3) whether the Government produced sufficient evidence at trial to support the interstate commerce element in the Hobbs Act robberies charged in Counts Three and Four. Petitioner filed a *pro se* supplemental brief, raising five additional issues. On February 24, 2010, the Fourth Circuit issued an opinion affirming petitioner's conviction and sentence.[3] On March 26, 2010, the Fourth Circuit denied Hinton's petition for rehearing and rehearing *en banc*. Hinton did not petition for a writ of *certiorari*.

---

[2] The description of petitioner's underlying crime is taken from the Fourth Circuit Court of Appeal's opinion affirming his conviction.
[3] United States v. Hinton, 366 F. App'x 481, 484 (4th Cir. 2010).

3

On April 8, 2011, petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. §2255 in the sentencing court, raising claims of: ineffective assistance of trial and appellate counsel; failure by the Court to provide proper jury instruction and correct plain error; Governmental misconduct; a fatal variance between property described in Count Three of the indictment and the evidence presented at trial; and whether the Government produced sufficient evidence at trial to support the interstate commerce element in the Hobbs Act robberies charged in Counts Three and Four.[4] The §2255 motion was denied on October 18, 2011.[5] Petitioner appealed to the Fourth Circuit. On May 1, 2012, the Fourth Circuit dismissed the appeal.

On June 18, 2012, in the sentencing court, petitioner filed a Motion to Strike. It was denied on August 22, 2012, in an Order that re-characterized it as a successive §2255 motion, for which Hinton had failed to obtain pre-filing certification from the Fourth Circuit to file.

On January 24, 2013, petitioner filed a Motion Pursuant to Rule 15(c) Relating Back to Petitioner's Original Petition Pursuant to 28 U.S.C §2255 in the sentencing court. It was denied by Order entered on March 5, 2013.

Petitioner filed a Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) on April 4, 2013, seeking to reopen or amend his §2255 motion. It was denied on April 9, 2013. Petitioner appealed the denial to the Fourth Circuit Court of Appeals, where it was dismissed on July 23, 2013.

On August 1, 2013, petitioner filed yet another Motion to Vacate Under 28 U.S.C. §2255. By Order entered the next day, the motion was dismissed for lack of jurisdiction, because petitioner had once again failed to obtain the requisite pre-filing authorization from the Fourth Circuit Court of Appeals. A certificate of appealability was also denied.

## II. Claims Raised by the Petitioner

---

[4] Petitioner prematurely filed an earlier §2255 motion on February 25, 2008, before he was sentenced; it was dismissed on May 5, 2008. (E.D.N.C. Dkt.# 108)(2:06cr15-1).

[5] The summary of petitioner's criminal procedural history and post-conviction filings was obtained from his underlying criminal docket and the October 18, 2011 Order denying his first §2255 motion. (E.D.N.C. Dkt.# 188)(2:06cr15-1).

Petitioner attacks the validity of his convictions and sentence, asserting five grounds for relief:

    1) the District Court and the Court of Appeals permitted officers of the District Court to tamper with jurors during trial;

    2) Congress ceded regulation of the business of insurance back to the several states;

    3) the District Court lacked subject matter jurisdiction over Count Three of the indictment;

    4) trial counsel was ineffective; and

    5) appellate counsel was ineffective.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that he "if petitioner tries remedy [sic] by way of Section 2255 it will be decided by the sentencing judge who is more than biased towards where the sentencing judge is the driving force behind the concealment of the tampering with a sitting jury during petitioner's trial. Petitioner accused the sentencing judge of such conduct, which is true, and this prevents the sentencing judge from making any "sound judgment" in petitioner's case." (Dkt.# 1 at 9).

As relief, petitioner requests an evidentiary or Fed.R.Evid. 606(b) hearing; IFP status with free documents and transcripts as necessary; and immediate release from prison "for the engregious conduct of the government during trial." (Id. at 8).

### III. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255

are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, is challenging the legality of his convictions and the imposition of his sentence. In particular, he is alleging that multiple constitutional violations were committed by various actors and that there were various issues with his indictment, trial, and appeal, depriving the court of subject matter jurisdiction, and rendering his detention unconstitutional.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. § 1951; 18 U.S.C. § 2113(a) and (d); 18 U.S.C. § 2; and 18 U.S.C. §

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

924(c)(1) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Finally, even assuming petitioner's claims were not procedurally barred as having previously been repeatedly litigated, which they are; and were timely, which they are not,[6] because petitioner was not sentenced in this District, this Court is also without jurisdiction to decide his claims.[7] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Fifth Circuit Court of Appeals, that court would likewise be without authority to hear this case.[8]

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by February 11, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v.

---

[6] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[7] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[8] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 28, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE