IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENDERSON LEWIS HINTON,**

    **Petitioner,**

v.                         //     CIVIL ACTION NO. 1:13CV170
                                      (Judge Keeley)

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]

In December 2007, a jury in the Eastern District of North Carolina convicted the pro se petitioner, Henderson Lewis Hinton ("Hinton"), on six counts, including interfering with commerce by robbery, armed bank robbery, and using a firearm during and in relation to a crime of violence. The district court sentenced him to a lengthy term of imprisonment. He then appealed his convictions, his sentence, and rulings made by the district court, all of which were affirmed by the Fourth Circuit. See United States v. Hinton, 420 Fed. App'x 270 (4th Cir. 2011) (per curiam) (affirming district court's denial of motion for recusal); United States v. Hinton, 366 Fed. App'x 481 (4th Cir. 2010) (per curiam) (affirming convictions and sentence).

In addition to his appeals, Hinton filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the sentencing court. See Hinton v. United States, Nos. 2:06CR15, 2:11CV16, 2011 WL 4949977 (E.D.N.C. Oct. 18, 2011). He

argued that (1) the court lacked jurisdiction; (2) the court's jury instructions were incorrect; (3) court officers had unduly influenced the jury; (4) the government had committed prosecutorial misconduct; and (5) his trial and appellate counsel had provided ineffective assistance. Id. at *2. The district court rejected all of Hinton's claims, id., and the Fourth Circuit denied him a certificate of appealability.[1] See United States v. Hinton, 472 Fed. App'x 162, 163 (4th Cir. 2012) (per curiam).

Following those proceedings, Hinton, who is now incarcerated at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia, filed a petition for habeas corpus in this Court, pursuant to 28 U.S.C. § 2241, asserting the same claims raised in his initial § 2255 motion. The Honorable James E. Seibert, United States Magistrate Judge, entered a report and recommendation ("R&R"), concluding that Hinton's § 2241 petition is improper because it seeks relief that must be pursued through a § 2255 motion, and that a § 2255 motion is not an inadequate or ineffective remedy. Based on these conclusions, Judge Seibert recommended that Hinton's petition be dismissed with prejudice.

Hinton objected to the R&R, disputing the findings of fact and disagreeing with the conclusions of law. He also filed a motion

---

[1] As noted in the R&R, Hinton attempted to reopen his initial § 2255 motion, and filed a second § 2255 motion in the sentencing court. The court denied those efforts, and the Fourth Circuit dismissed Hinton's subsequent appeals.

2

for leave to amend his petition to include a claim under Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013).

A § 2241 petition "shall allege the facts concerning the applicant's commitment or detention."  28 U.S.C. § 2242.  Here, Hinton presents no dispute concerning the date of his commitment or the calculation of his sentence.  Rather, he asserts claims that he was convicted and sentenced in violation of the Constitution and federal law: jury tampering, lack of federal jurisdiction, ineffective assistance of counsel, and a violation of his Sixth Amendment right to a jury trial.  See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255.").  Because these claims do not relate to his commitment or detention, as stated in the R&R, a habeas petition under § 2241 is not a proper means of seeking redress.

Nevertheless, "[t]he savings clause of § 2255[e] allows a prisoner to pursue traditional habeas relief by petition under § 2241 when it appears that the remedy allowed by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention."  Darden v. Stephens, 426 Fed. App'x 173, 174 (4th Cir. 2011).  The Fourth Circuit has enumerated three requirements to demonstrate that the remedy allowed under § 2255 is "inadequate or ineffective":

>     (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). "In such cases," the court held, "the prisoner may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." Id. at 333.

The savings clause of § 2255(e) does not help Hinton because he cannot satisfy the second prong of Jones -- the substantive law has not changed such that the conduct of which he was convicted is no longer criminal. Federal law still prohibits individuals from interfering with commerce by robbery, 18 U.S.C. § 1951; from committing armed bank robbery, 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2; and, from using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1).

For these reasons, the Court concludes that Hinton may not pursue his claims through a § 2241 petition. It therefore **GRANTS** Hinton's motion for leave to amend his petition, **OVERRULES** his objections to the R&R, **ADOPTS** the R&R in its entirety, and **DISMISSES** the petition **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to the pro se petitioner, return receipt requested, and to enter a separate judgment order.

DATED: March 6, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE